# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| | ) | **Case No. 10-02059-TBB** |
| **AIG BAKER DEPTFORD, L.L.C.** | ) | |
| | ) | |
| **Debtor.** | ) | |
| | ) | |

## JOINDER OF AIG BAKER SHOPPING CENTER PROPERTIES, L.L.C. TO DEBTOR'S MOTION FOR ORDER PURSUANT TO SECTIONS 105(a), 361, 363, 541, AND 542 OF THE BANKRUPTCY CODE (I) DETERMINING THAT RENTS GENERATED FROM THE DEBTOR'S PROPERTY CONSTITUTE CASH COLLATERAL, (II) AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL IN THE ORDINARY COURSE OF BUSINESS, (III) IF NECESSARY, GRANTING ALTERNATIVE RELIEF, AND (IV) SCHEDULING A FINAL HEARING

AIG Baker Shopping Center Properties, L.L.C. ("SCP") hereby joins in the Debtor's Motion for Order (I) Determining that Rents Generated from the Debtor's Property Constitute Cash Collateral, (II) Authorizing the Debtor to Use Cash Collateral in the Ordinary Course of Business, (III) if Necessary, Granting Alternative Relief, and (IV) Scheduling a Final Hearing [Docket No. 8] (the "Motion"). SCP respectfully requests that this Court grant the Motion and requests the entry of an order determining that the rents constitute cash collateral and authorizing the Debtor to use the cash collateral in the ordinary course of business. In further support of the Motion, SCP shows the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

**BACKGROUND**

2. On April 1, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is authorized to operate its businesses as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. As of the date of this Joinder, no official committee of unsecured creditors has been appointed in this chapter 11 case.

4. SCP hereby joins in the Motion on the same grounds as set forth therein, and incorporates by reference herein the arguments set forth in the Motion.[1]

**JOINDER**

5. SCP is the sole member of the Debtor. SCP's internal management company, AIG Baker Management, LLC ("SCP Management") manages the Deptford shopping center. As such, SCP Management is responsible for all maintenance, operations, and leasing issues with respect to Deptford. SCP Management needs the rents to effectively manage the Property.

6. Although PNC has taken certain steps to exert control over the rents, PNC has not assumed responsibility for the Property. SCP Management continues to work directly with service providers and tenants, and as such, SCP Management continues to receive invoices and requests for tenant improvements and other expenditures. SCP Management also continues to work on obtaining new tenants and leases.

7. With PNC in control of the only source of operating income - the rents, SCP Management must forward all bills to PNC, and then basically beg and plead with PNC to pay the bills. This has caused disruption and delay, and does not benefit anyone with interest in the Property or the Debtor's estate. SCP Management has efficiently and effectively managed

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Deptford since its beginning. In order to regain control over Deptford and its multi-faceted operations, the Debtor, through SCP Management, must regain control over the rents. SCP Management will apply the rents in the ordinary course of business, or according to this Court's order. This would eliminate PNC from interfering with the business of running a shopping center and would protect PNC's collateral from diminution in value.

8. There is equity in the Property that needs to be protected for the benefit of all parties in interest.

9. SCP reserves the right to be heard before this Court with respect to the foregoing.

WHEREFORE, SCP respectfully requests that the Court enter an Order (i) determining that rents generated from the Property constitute Cash Collateral, (ii) authorizing the Debtor to use Cash Collateral, including all postpetition rents generated with respect to the Property, in the ordinary course of business, or, in the alternative, directing PNC to use rents to pay all costs and expenses necessary for the continued operation and maintenance of the Property and the Debtor's business operations, including the payment of all management fees; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: April 13, 2010      Respectfully submitted,
        New York, NY
                           KING & SPALDING LLP


                           /s/ H. Slayton Dabney Jr.
                           H. Slayton Dabney Jr.
                           New York Bar No. HD8436
                           sdabney@kslaw.com
                           1185 Avenue of the Americas
                           New York, New York 10036-4003
                           Telephone:    (212) 556-2100
                           Facsimile:    (212) 556-2222

                           and

                           Sarah R. Borders
                           Georgia Bar No. 610649
                           sborders@kslaw.com
                           1180 Peachtree Street
                           Atlanta, Georgia  30309-3521
                           Telephone:    (404) 572-4600
                           Facsimile:    (404) 572-5128

                           Counsel for AIG Baker Shopping Center
                           Properties, LLC

# **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing Joinder of AIG Baker Shopping Center Properties, L.L.C. to Debtor's Motion for Order Pursuant to Sections 105(a), 361, 363, 541, and 542 of the Bankruptcy Code (I) Determining That Rents Generated From the Debtor's Property Constitute Cash Collateral, (II) Authorizing the Debtor to Use Cash Collateral in the Ordinary Course of Business, (III) If Necessary, Granting Alternative Relief, and (IV) Scheduling a Final Hearing was served on this 13th day of April, 2010, via the Court's ECF system on those parties registered to receive notice.

/s/ H. Slayton Dabney Jr.
H. Slayton Dabney Jr.