IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AIG BAKER DEPTFORD, L.L.C., | ) | Case No. 10-02059-TBB |
| | ) | |
| Debtor. | ) | |
| | ) | |

## MOTION FOR EXPEDITED DISCOVERY

AIG Baker Shopping Center Properties, L.L.C. ("SCP"), through their undersigned counsel, hereby submit this Motion for Expedited Discovery (the "Motion"). This Motion is made pursuant to Rule 7034(b)(2)(A) of the Federal Rules of Bankruptcy Procedure.

SCP served the Requests for Production of Documents (a copy of which is attached as Exhibit A hereto) on counsel for PNC National Association ("PNC") on April 9, 2010. Counsel for SCP has requested that PNC agree to produce the requested documents by April 23, 2010 so that PNC's representative can be deposed on April 26, 2010. To date, counsel for PNC has not agreed to the requested production and the scheduled deposition. The reason for the expedited request is to allow SCP and the Debtor to prepare for the cash collateral hearing that is scheduled for May 10, 2010.

**WHEREFORE**, SCP respectfully requests that this Court enter an order granting the requested expedited discovery

Dated: April 14, 2010

Respectfully submitted,

**KING & SPALDING LLP**

/s/ H. Slayton Dabney Jr.
H. Slayton Dabney Jr.
sdabney@kslaw.com
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Phone: (212) 556-2100
Fax: (212) 556-2222

and

Sarah R. Borders
sborders@kslaw.com
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Fax: (404) 572-5128

*Attorneys for AIG Baker Shopping Center Properties, L.L.C.*

# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AIG BAKER DEPTFORD, L.L.C., | ) | Case No. 10-02059-TBB |
| | ) | |
| Debtor. | ) | |
| | ) | |

## REQUEST FOR THE PRODUCTION OF DOCUMENTS

Debtor AIG Baker Deptford, L.L.C. (the "Debtor") and AIG Baker Shopping Center Properties, L.L.C. ("SCP"), by and through their respective undersigned counsel, pursuant to Rules 9014 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby direct the following Requests for the Production of Documents ("Requests") to PNC Bank, National Association ("PNC"). The Debtor and SCP request that PNC produce for inspection and copying the documents described herein, on or before April 23, 2010 at 5:00 p.m. (prevailing Eastern Time), at the New York office of King & Spalding LLP, 1185 Avenue of the Americas, New York, NY 10036. Each of the following document requests is to be read in accordance with the definitions and instructions that follow:

## DEFINITIONS

1. The term "Property" means that certain real property located at 2000 Clements Bridge Road, Deptford, Gloucester County, New Jersey, commonly known as "Deptford Landing."

2. The term "Cash Collateral Motion" means the Debtor's Motion, pursuant to sections 105(a), 361, 363, 541, and 542 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.*, for an Order (i) Determining that the Rents Generated From the Debtor's Property

Constitute Cash Collateral, (ii) Authorizing the Debtor to Use Cash Collateral in the Ordinary Course of Business, (iii) if Necessary, Granting Alternative Relief, and (iv) Scheduling a Final Hearing (Docket No. 8).

3. The term "Loan Documents" means (i) that certain Construction Loan Agreement, dated as of November 14, 2006, with PNC, as agent, and certain additional banks, pursuant to which such parties agreed to make a loan to the Debtor in the original principal amount of $38,867,862, (ii) that certain Mortgage Note, dated as of November 14, 2006, executed by the Debtor in favor of PNC in the original principal amount of $23,867,862, (iii) that certain Mortgage Note, dated as of November 14, 2006, executed by the Debtor in favor of Regions Bank in the original principal amount of $15,000,000, (iv) that certain Construction Loan Agreement, dated as of August 13, 2008, pursuant to which PNC, as agent, and certain additional banks agreed to make an additional loan to the Debtor in the original principal amount of $2,001,094, (v) that certain Mortgage Note, dated as of August 13, 2008, executed by the Debtor in favor of PNC in the original principal amount of $1,228,831.80, (vi) that certain Mortgage Note, dated as of August 13, 2008, executed by the Debtor in favor of Regions Bank in the original principal amount of $772,262.20, (vii) that certain Mortgage and Security Agreement, dated as of November 14, 2006, by and between the Debtor, PNC, and certain additional banks, (viii) that certain Mortgage and Security Agreement, dated as of August 13, 2008, by and between the Debtor, PNC, and certain additional banks, and (ix) that certain Assignment of Rents, Leases and Profits, dated as of August 13, 2008, by and between the Debtor, PNC, and certain additional banks.

4. The term "document" has the meaning ascribed to it by Rule 34(a) of the Federal Rules of Civil Procedure (the "Federal Rules") and includes, but is not limited to, any

2

NYC_IMANAGE-1132357.1

Case 10-02059-TBB11    Doc 39    Filed 04/14/10    Entered 04/14/10 09:44:53    Desc Main
Document    Page 5 of 12

paper, electronic or computerized data compilation or information regardless of the manner, method or medium of storage, any writing, drawing, film, videotape, chart, photograph, phonograph record, tape record, mechanical or electronic sound recording or transcript thereof, retrievable data (whether carded, taped-coded, electrostatically or electromagnetically recorded or otherwise) or other data compilation from which information can be obtained, including, but not limited to, correspondence, e-mails, notices, memoranda, reports, spreadsheets, diaries, minutes, agendas, purchase records, purchase invoices, bid requests, requests for proposals, bidders' lists, bids, consultant recommendations, market data, correspondence, computer storage tapes, computer storage cards or disks, books, journals, ledgers, statements, reports, invoices, bills, vouchers, worksheets, jottings, notes, letters, abstracts, audits, charts, checks, diagrams, drafts, recordings, instructions, lists, logs, orders, recitals, telegram messages, telephone bills and logs, resumes, summaries, compilations, computations, and other formal and informal writings or tangible preservations of information, regardless of the method, manner or medium of storage of the document.

5. The term "communication" means any oral, written or electronic transmission of information, fact, opinion, belief, idea, statement, inquiry or otherwise, including, but not limited to, any letter, correspondence, electronic mail message, note, memorandum, conversation, meeting, discussion, telephone call, facsimile, telegram, telecopy, telex, seminar, conference or message.

6. The term "concerning" shall mean relating to, referring to, describing, evidencing, reflecting or constituting. In this regard, a document or communication "concerning" a given subject matter means any document or communication which relates to, refers to, describes, evidences, constitutes, is incidental to, contains, embodies, comprises,

3

Case 10-02059-TBB11    Doc 39    Filed 04/14/10    Entered 04/14/10 09:44:53    Desc Main
Document      Page 6 of 12

reflects, identifies, states, deals with, comments on, responds to, analyzes, supports, contains information concerning or is in any way pertinent to that subject, including, without limitation, documents concerning the preparation or presentation of other documents.

7. The term "person" means any natural person or any business, legal or governmental entity or association, such as a corporation, proprietorship, partnership, limited partnership, professional corporation, trust, joint venture or association.

8. The term "including" means including but not limited to.

9. All references to the singular shall be deemed to include the plural, and all references to the plural shall be deemed to include the singular.

10. The terms "and" and "or" shall be interpreted liberally as conjunctive, disjunctive or both, depending on the context, so that the fullest disclosure is achieved.

11. The terms "all" and "each" shall be construed as all and each (*i.e.*, every), so as to bring within the scope of this request all documents that might otherwise be construed to be outside its scope.

## INSTRUCTIONS

1. The time period applicable to these Requests is January 1, 2006 to the present, unless some other time period is specified in a particular document request.

2. Each document request shall be construed independently and not with reference to any other document request for the purpose of limitation or exclusion.

3. If PNC objects to any document request, PNC should state with specificity the grounds for each such objection.

4

NYC_IMANAGE-1132357.1

4. These Requests call for the production of responsive documents in PNC's possession, custody or control, including but not limited to, any of PNC's respective employees, agents, attorneys or other persons acting or purporting to act on PNC's behalf.

5. Each responsive document shall be produced in its entirety. If any identical copy appears in more than one person's files, each of the copies shall be produced. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

6. If you assert a claim of privilege or immunity with respect to any part of these Requests, state the nature and basis of the privilege or other ground asserted as justification for withholding such information.

7. If there are no documents responsive to any of the following document requests, please provide a written response so stating.

8. All document requests herein shall be construed to include any supplemental documents responsive to these Requests that are later discovered and that are required to be produced pursuant to the Federal Rules and/or the Bankruptcy Rules.

9. Both the Debtor and SCP reserve any and all rights to seek to shorten the time period for PNC to respond to these document requests.

## DOCUMENT REQUESTS

1. All documents concerning the value of the Property, including any and all appraisals in PNC's possession with respect to the Property.

2. All documents supporting PNC's position that it owns the rents and leases associated with or generated from the Property.

3. All documents supporting PNC's position as to the date when and means by which PNC become the owner of the rents and leases generated from or associated with the Property.

4. All documents concerning the transfer of any rents and leases from the Debtor to PNC.

5. All communications, from January 1, 2008 to the present, between PNC and any other person concerning the Loan Documents, the Debtor and/or any affiliate of the Debtor, including SCP, or the Property.

6. All documents concerning the application of the rents and leases to the indebtedness set forth under the Loan Documents.

7. All documents concerning the value of the rents and leases with respect to the Property as of the date that PNC alleges it became the owner of such rents and leases.

8. All exhibits that PNC intends to introduce into evidence at the hearing on the Cash Collateral Motion.

Dated: April 9, 2010  Respectfully submitted,

**KING & SPALDING LLP**

*H. Slayton Dabney h.*
H. Slayton Dabney
sdabney@kslaw.com
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Phone: (212) 556-2100
Fax: (212) 556-2222

and

Sarah R. Borders
sborders@kslaw.com
King & Spalding LLP
1180 Peachtree Street, N.E.

6

NYC_IMANAGE-1132357.1

Case 10-02059-TBB11   Doc 39   Filed 04/14/10   Entered 04/14/10 09:44:53   Desc Main
Document    Page 9 of 12

Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Fax: (404) 572-5128

*Attorneys for AIG Baker Shopping Center Properties, L.L.C.*

and

Andre M. Toffel
Andre M. Toffel, P.C.
Fourth Floor Farley Building
1929 Third Avenue North
Birmingham, Alabama 35203
Telephone: (205) 252-7115
Facsimile: (205) 252-0181
andret@toffel.local

*Counsel for the
Debtor In Possession*

7

NYC_IMANAGE-1132357.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| In re: | ) | Chapter 11 |
|---|---|---|
| | ) | |
| AIG BAKER DEPTFORD, L.L.C., | ) | Case No. 10-02059-TBB |
| | ) | |
| Debtor. | ) | |
| | ) | |

## ORDER GRANTING EXPEDITED DISCOVERY

This matter came on for hearing on April __, 2010, for consideration of the Motion for Expedited Discovery (the "Motion") filed by AIG Baker Shopping Center Properties, L.L.C. ("SCP") pursuant to Rule 7034(b)(2)(A) of the Federal Rules of Bankruptcy Procedure.

The Court having considered the Motion, and having heard arguments of counsel, and it appearing to the Court that SCP's Motion is appropriate and necessary,

IT IS HEREBY ORDERED that PNC Bank, National Association is required to produce the documents requested in Exhibit A to the Motion by April 23, 2010.

SO ORDERED this ___ day of April, 2010.

_____
Judge, United States Bankruptcy Court

# CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Motion for Expedited Discovery was served on this 14th day of April, 2010, via the Court's ECF system on those parties registered to receive notice.

/s/ H. Slayton Dabney Jr.
H. Slayton Dabney Jr.