# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | **Chapter 11** |
| AIG BAKER DEPTFORD, L.L.C. ) | |
| ) | **Case No. 10-02059-TBB-11** |
| Debtor. ) | |
| ) | |
| ) | |

## MOTION TO DISMISS PURSUANT TO 28 U.S.C. § § 1406 & 1408 OR, IN THE ALTERNATIVE, FOR AN ORDER TRANSFERRING VENUE PURSUANT TO 28 U.S.C. § 1412

PNC Bank, National Association (the "Agent"), individually and as Administrative Agent for PNC Bank, National Association and Regions Bank (collectively, the "Banks"), by and through its attorneys, McCarter & English, LLP, hereby move for the entry of an order dismissing this case pursuant to 28 U.S.C. §§ 1406 and 1408 or, alternatively, transferring venue under 28 U.S.C. § 1412, and respectfully represent as follows:

## PRELIMINARY STATEMENT

1.    This case should be dismissed because none of the domicile, residence, principal place of business or principal assets of AIG Baker Deptford, L.L.C. ("the Debtor") are located in the Northern District of Alabama as required for commencement of a case under title 11. 28 U.S.C. § 1408. The Debtor's sole asset, a shopping center, is located in Deptford, New Jersey, as are most of its creditors -- tenants with security deposits. The Debtor is a Delaware limited liability company. The Debtor has, by its own admission, no employees and no bank accounts of its own and itself conducts no business in Alabama. The only connection the Debtor has to Alabama is through its owner, non-debtor AIG Baker Shopping Center Properties, L.L.C.

ME1 9847713v.1

("SCP"). Accordingly, venue is improperly laid and the case must be dismissed or, in the alternative, transferred pursuant to 28 U.S.C. §1406 or 28 U.S.C. §1412.

2. Rather than file this case in New Jersey (where the real property is located) or Delaware (where it is chartered), the Debtor appears to have engaged in brazen forum shopping in an attempt to avoid the binding effect of decisions of the Third Circuit that are contrary to positions it would like to take in this case regarding assigned rents that are property of the Banks. As demonstrated below, this case should be either dismissed or transferred to New Jersey under Section 1406 of the Judiciary Code in the interests of justice or for the convenience of the parties in this bankruptcy case. New Jersey is the proper venue for this case.

## BACKGROUND

3. On April 1, 2010, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code (the "Petition Date"). See Document No. 1.

4. The Debtor is a Delaware limited liability company that is also registered to do business in New Jersey. Its sole asset, a shopping center, is located at in New Jersey (the "Property"). Document No. 1 ("Location of Principal Assets of Business Debtor…"). The leases and rents generated by the Property, which the Debtor claims to be property of the estate,[1] are all located in New Jersey. The Chief Financial Officer of the Debtor's corporate parent admits that the Debtor has no employees, no bank accounts,[2] and is unable to conduct operations itself. See Declaration of Ronald R. Day in Support of Chapter 11 Petition and First-Day

---

[1] The Property is subject to a mortgage in favor of PNC Bank as administrative agent for PNC Bank and Regions Bank. The Debtor contends that the leases at the Property are assets of the Debtor's estate, even though they were assigned to the Agent prepetition and, upon default and notice, the Agent has been collecting, and is in possession of, the rents. The Agent disputes that either the leases or the rents are property of the estate.

[2] The Debtor's recently filed schedules indicate that accounts exist - two at PNC Bank and one at RBC Bank. See Document No. 49, Schedule B. Presumably the Debtor concedes these accounts are held by others and takes the position that the funds in the accounts are Debtor funds.
2

ME1 9847713v.1

Case 10-02059-TBB11    Doc 62    Filed 04/20/10    Entered 04/20/10 12:59:59    Desc Main
Document    Page 2 of 14

Motions and Applications ("Day Decl."), ¶10 ("The Debtor has no employees of its own"), ¶18 ("the Debtor does not maintain its own bank account"), ¶29 ("Given that the Debtor does not have any employees of its own, the Debtor lacks the personnel to manage it own financials.").

5. The Debtor is solely owned by AIG Baker Shopping Center Properties, L.L.C. ("SCP"). SCP's parent company is AIG Baker Partnership, which is a joint venture between AIG Baker, LLC and Alex Baker Limited Partnership. <u>See</u> Document No. 8, ¶9.

6. On the petition, the Debtor lists its street address as 1701 Lee Branch Lane, Birmingham, Alabama and its principal place of business county of residence as Shelby, Alabama.

7. The Debtor owns the Property located in New Jersey, but acknowledges that it does not manage the Property itself. Day Decl., ¶29. Apparently the Property was managed by its owner's captive management company, AIG Baker Management, LLC. <u>See</u> Day Decl., ¶¶9, 10, 29. The Debtor currently has no source of revenue; it is undisputed that the Debtor executed an Assignment of Leases, Rents and Profits associated with the Property and, while the legal effect of the assignment and license to use rents is disputed, it is undisputed that the rents are being collected by the Agent, not by the Debtor, its owner, or its owner's management company. Day Decl., ¶¶19, 23.

8. The Debtor's sole asset, the Property, is not located in the Northern District of Alabama.

9. The Debtor conducts no business in the Northern District of Alabama. Other than through its owner, which did not file for bankruptcy, the Debtor has no connection to the Northern District of Alabama.

**RELIEF REQUESTED**

10. By this Motion, the Agent seeks an order dismissing or, in the alternative transferring the Debtor's case under 28 U.S.C. § 1406 based on improper venue or transferring the Debtor's case under 28 U.S.C. § 1412 to the District of New Jersey.

**BASIS FOR RELIEF**

11. Venue in bankruptcy cases is governed by 28 U.S.C. § 1408 which provides as follows:

> [A] case under Chapter 11 may be commenced in the district court for the district- (1) ***in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case*** have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, of such person were located in any other district; or (2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

28 U.S.C. § 1408 (emphasis added).

12. The general framework for venue issues of transfer or dismissal has been described as follows by the Sixth Circuit in <u>Thompson v. Greenwood</u>, 507 F.3d 416 (6th Cir. 2007):

> (1) the venue requirements of 28 U.S.C. § 1408 are mandatory, not optional; (2) 28 U.S.C. § 1412 applies only to bankruptcy cases filed in a proper venue; (3) 28 U.S.C. § 1406 applies to cases, including bankruptcy cases, filed in an improper venue; and (4) Federal Rule of Bankruptcy Procedure 1014(a)(2) must be interpreted as authorizing the transfer of an improperly venued case only to a district in which the case could have originally been brought, and only in the interest of justice, in accordance with the plain language of § 1406.

<u>Thompson</u>, 507 F.3d at 424.

**The Debtor Has No Assets In Alabama, is Not Domiciled in Alabama, and Conducts No Business in Alabama**

13. Clearly the Debtor has no assets in Alabama.

14. To the extent that the domicile factor applies to an entity, the domicile of the Debtor is not in this District, as it is not chartered or incorporated in Alabama. The better view is that only the state where the debtor entity is chartered is its domicile. In Re Condor Exploration, LLC, 294 B.R. 370 (Bankr. D. Co. 2003); In Re Dunmore Homes, Inc., 380 B.R. 663, 670 (Bankr. S.D.N.Y. 2008).

15. There are, however, differing views as to the meaning of the terms "domicile" and "residence" under 28 U.S.C. § 1408, as applied to a corporation.

> Some authorities state that these terms refer to a corporate debtor's state of incorporation. See In re EDP Medical Computer Systems, Inc., 178 B.R. 57, 62 (M.D. Pa. 1995); In re Spicer Oaks Apartments, Ltd., 80 B.R. 142, 143 (Bankr. E.D. Mo. 1987); and 1 COLLIER ON BANKRUPTCY, ¶3.02[1][b][ii], at 3-124 (15th ed. 1995). Others state that the terms "domicile" and "residence" apply only to individuals and not to corporations. See In re Industrial Pollution Control, Inc., 137 B.R. 176, 180 (Bankr. W.D. Pa. 1992); and In re Suzanne de Lyon, Inc., 125 B.R. 863, 866 (Bankr. S.D.N.Y. 1991). Yet other courts, e.g., In re Nantucket Apartments Associates, 80 B.R. 154, 156 (Bankr. E.D. Mo. 1987), have reached the same results as Industrial Pollution Control and Suzanne de Lyon by equating these terms with the debtor's principal place of business, which is an express alternative for establishing venue.

See In re J & L Plumbing & Heating, Inc., 186 B.R. 388, 390-91 (Bankr. E.D. Pa. 1995).

16. The Debtor does not actually conduct any business. The Debtor admits that it has no employees, no bank accounts and cannot manage its own affairs. Day Decl., ¶¶18 and 29. Its leases and rents have all been assigned. It has no revenues, and to the extent it considers the rents to be estate property it is undisputed that it does not collect the rents and has not done so for the 180 day period preceding the bankruptcy (if in fact the Debtor ever collected the rents at all). Day Decl. ¶20. To the extent that mere ownership of property is considered a "business," it is more appropriately deemed to operate where the property is located. In any event, the Debtor's principal place of business is not in this District.

17. Even assuming <u>arguendo</u> that the Northern District of Alabama could be construed as one of the Debtor's places of business, when there is more than one place of business, 28 U.S.C. § 1408(1) "requires a choice as to which is the *principal* place of business." <u>In the Matter of Peachtree Lane Associates, Limited</u>, 150 F. 3d 788, 793 (7th Cir. 1998)(emphasis added).

18. The question of where a debtor's principal place of business is located is a question of fact. <u>In re Commonwealth Oil Refining Co., Inc.</u>, 596 F.2d 1239 (5th Cir. 1979).[3] In <u>In re Guarantee Acceptance Corp.</u>, 544 F.2d 449 (10th Cir. 1976)[4] a case with greater similarity to the instant matter than <u>Commonwealth</u>, the debtor appealed the dismissal of its case by the Oklahoma Bankruptcy Court based on the location of its sole asset - real estate - in California, and contended that its principal place of business was in Oklahoma, based on the facts that it was an Oklahoma corporation whose meetings were held and whose sole shareholder resided in Oklahoma. The 10th Circuit upheld the dismissal. <u>See</u> <u>also</u> <u>In Re Condor Exploration, LLC</u>, 294 B.R. 370 (Bankr. D. Co 2003)( applying the "operations test" ,where primary asset was in Wyoming, debtor conducted some business in Colorado but many decisions were made in Oregon, debtor was chartered in Nevada, Colorado was not principal place of business and case was transferred to Wyoming); <u>In Re Maidman</u>, 2 B.R. 569 (Bankr. S.D.N.Y. 1980) (land trust with property in Florida but "office" in New York; New York held not to be the principal place of business and no proper venue where debtor had no employees or bank account in New York.).

---

[3] <u>Commonwealth Oil Refining Co., Inc</u>. 596 F2d 1239, 1246 (5th Cir 1979), did allow that venue where a debtor manages its business is appropriate even if its principal assets are located elsewhere, but in that case, the debtor actually conducted its own operations and managed its affairs. In this case, the Debtor is conducting no business in this District and any business conducted on its behalf relates entirely to the sole asset located in the District of New Jersey.

[4] The dismissal was under the Bankruptcy rule then in effect, which permitted a debtor to lay venue where its principal place of business or principal assets were located. <u>In re Guarantee Acceptance Corp.</u>, 544 F.2d at 451-52. The rule was thus substantially similar to 28 U.S.C. §1480.

ME1 9847713v.1

Case 10-02059-TBB11   Doc 62   Filed 04/20/10   Entered 04/20/10 12:59:59   Desc Main
Document     Page 6 of 14

Other courts have held that the principal place of business is where the decisions are made. See Peachtree Lane, supra and In Re the Willows, 87 B.R. 684 ( Bankr. S.D. Al 1988)(accounts and contracts located in Alabama). Those cases are distinguishable on the facts due to actual operations of the debtor in question. In re the Willows, supra, (debtor conducted its won operations and had its own bank accounts.)

19. Here, the facts admitted by the Debtor support the proposition that this District is not the "principal place of business" of the Debtor because the Debtor itself does not conduct business. The Debtor is apparently an inert entity, with no employees or bank accounts. It is completely managed by its owner's management company. Accordingly, the statutory language in 28 U.S.C. §1408 that the principal place of business be of "the person or entity that is the subject of such case" requires dismissal or transfer of this case. An expansive view for the purposes of allowing venue to be where the business may be conducted entirely by others is an unwarranted expansion of the statutory language.

**The Case Should Be Dismissed or Transferred.**

20. A case filed in the wrong venue is governed by 28 U.S.C. §1406(a), which provides as follows:

> Cure or waiver of defects
>
> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.[5]

21. A court lacking venue cannot retain a bankruptcy case, "otherwise, there would be no reason to define "proper venue" and "sections 1408 through 1410, which define venue [would] be totally circumvented." In re Sorrells, 218 B.R. 580, 588 (10th Cir. BAP 1998).

---

[5] While this provision refers specifically to a "district court" (and not a bankruptcy court), a separate statutory provision explains that a "bankruptcy court" is a "unit of the district court". 28 U.S.C. §151.

Thompson v. Greenwood, supra. Section 1406(a) applies to bankruptcy cases and precludes a court from retaining a case in a District where venue is improper.

22. Those responsible for the operations of the Debtor knowingly acquired its sole asset in New Jersey and agreed that New Jersey law would apply. The Debtor entered into all of its significant economic relationships in New Jersey, but filed this case in this District for the sole purpose of seeking to avoid the applicable state and federal circuit law where it voluntarily chose to borrow funds, enter into relationships with builders and tenants comprising the Debtor's unsecured creditors. A determination that the case should be venued where the principal (and sole) asset is located rather than where the Debtor chose for its sole advantage would serve the interests of justice. As stated in In Re Midland Associates, 121 B.R. 459 (Bankr. E.D. Pa. 1990):

> Although debtor's general partner resides in Pennsylvania, debtor chose to purchase property in Texas and therefore, knowingly subjected itself to the possibility of becoming a party to a lawsuit in Texas. See, In re Oklahoma City Associates, 98 Bankr. at 199; In re Pavilion Place Associates, 88 Bankr. at 36; In re Nantucket Apartments Associates, 80 Bankr. 154, 156 (Bankr. E.D. Mo. 1987).

Midland Associates, 121 B.R. at 461.

**The Case Should Be Dismissed, or Transferred to New Jersey**

23. Even if the court were to conclude that venue is proper, the case may be transferred to another district in the interest of justice or for the convenience of the parties. 28 U.S.C. § 1412. It is undisputed that the vast majority of creditors are located in or proximate to New Jersey. Numerous cases have found that the appropriate venue for a single asset real estate cases is the location of the property. As stated in In Re Midland Associates, supra.:

> Although the parties stipulated that witnesses would come from New York, Pennsylvania, California and Texas, in the context of a one asset case, the central issue is likely to focus upon the value of the asset, which in this case is located in Texas. Hence, testimony from Texas witnesses and interpretation of Texas law

will most likely be paramount. See, In re Boca Raton Sanctuary Associates, 105 Bankr. 273, 275 (Bankr. E.D. Pa. 1989); In re Oklahoma City Associates, 98 Bankr. at 199-200; In re Pavilion Place Associates, 88 Bankr. at 36; In re Sundance Corporation, 84 Bankr. 699, 702-703 (Bankr. Mont. 1988); In re Wood Family Interests, Ltd., 78 Bankr. 434 (Bankr. E.D. Pa. 1987). Finally, we note that it is generally understood, and we agree, that the estate of a real estate partnership is most efficiently administrated in the district where the principal asset is located. See, In re Sovereign Group 1985-I, Ltd., Case No. 90-10934F (Bankr. E.D. Pa. May 31, 1990); In re Oklahoma City Associates, 98 Bankr. at 199-200; In re Pavilion Place Associates, 88 Bankr. at 36; In re Sundance Corporation, 84 Bankr. at 703; In re Nantucket Apartments Associates, 80 Bankr. at 156; Matter of Landmark Capital Company, 19 Bankr. 342, 348 (Bankr. S.D. N.Y. 1982). This would prove especially true if liquidation results. ³ See, In re Pavilion Place Associates, 88 Bankr. at 36; In re Sundance Corporation, 84 Bankr at 703; Matter of Landmark Capital Company, 19 Bankr. at 348. As was aptly pronounced by the court in In re Pavilion Place Associates, 88 Bankr. at 36;

> Improved real estate is a particularly local concern often better administered by a court in the district in which it is located. (citations omitted).
>   * * * *
>
> In virtually every single asset improved real estate partnership case which we have seen, the court has transferred the bankruptcy to the jurisdiction where the assets are located. See e.g., In re Nantucket Apartments Associates, 80 Bankr. 154 (E.D. Mo. 1987)(sic). In re Spicer Oaks Apartments, Ltd., 80 Bankr. 142 (E.D. Mo. 1987)(sic); In re Pickwick Place Ltd. Partnership, 63 Bankr. 290 (Bankr. N.D. Ill. 1986); In re Eleven Oak Tower Ltd. Partnership, 59 Bankr. 626 (Bankr. N.D. Ill. 1986); In re Old Delmar Corp, 45 Bankr. 883 (S.D. N.T. 1985); Landmark Capital, supra, 19 Bankr. 342 . . . .

Midland Associates, 121 B.R. at 461.

      24.    This issue was decided on very similar facts by Judge Propst in In Re Sharktooth Destin, Inc., Case No. CV-99-PT-226S (March 31, 1999).[6] In that case, the debtor was a Texas corporation with its sole business, a restaurant, located in Florida. Its assets, operations and bank accounts were located in Florida. Some books were maintained at the office of a shareholder of the debtor in Alabama. The debtor's vice president and secretary / treasury lived and worked in Alabama and made financial decisions for the debtor. He also

---

[6] A copy of the Decision is annexed.

made some of the management decisions of the debtor in Alabama, although others were made by a manager in Florida. The debtor's secured lender moved to transfer venue to Florida. The Bankruptcy Court denied the motion on the grounds that the major decisions regarding the debtor were made in Alabama. The District Court reversed. Applying the factors of Commonwealth Oil the court found that venue was proper in Florida, based primarily upon the location of the assets and creditors, and granted the motion transferring the case to Florida.

25. The factors to be considered on a motion to transfer include:

(1) the proximity to the court of:

(a) creditors

(b) debtors

(c) assets

(d) witnesses

(2) The relative economic harm to debtors and creditors caused by a transfer.

(3) The economics of administering the estate.

(4) The effect on the parties and their willingness or ability to participate in the case or in adversary proceedings.

(5) The availability of compulsory process and the cost associated with the attendance of unwilling witnesses.

In Re DeCecco, 224 B.R. 202, 204 (Bankr. M.D. Fla. 1998) (factors to consider in discretionary transfer under §1412).

26. The proximity factor clearly favors transfer to the District of New Jersey. The assets, creditors and witnesses are generally located in or favor New Jersey.

27. There appears to be no potential hardship to the Debtor, which owns its only asset in the District of New Jersey.

10

28. There would be no economic harm in administering the estate where its sole asset is located.

29. The other creditors of the Debtor will be more readily able to participate in the case in the District of New Jersey. None of the creditors listed on the Debtor's schedules are located in Alabama, other than insiders of the Debtor - AIG Baker Shopping Center Properties, L.L.C. and AIG Baker Management, L.L.C. - a law firm (exactly the same situation as <u>Destin</u>) and an insurance company. Of the remaining 18 unsecured creditors, 14 are located in New Jersey, two in Pennsylvania, one in Georgia, and one in Arizona. The only secured creditor, the Agent, is located in Pennsylvania. The only priority creditor, the Deptford Tax Collector, is located in New Jersey. <u>See</u> Document No. 49.

30. To the extent that compulsory process for the attendance of witnesses is necessary, it would appear that as to any issues regarding the sole asset of the Estate, the District of New Jersey is the superior location.

31. The convenience of the parties and the interests of justice require that this case either be dismissed or transferred to the most appropriate venue, the District of New Jersey. This case should be venued in proximity to the Debtors' principal assets, only locus of any activity and the preponderance of the creditors. This case, local in nature, belongs in New Jersey.

## **NOTICE**

32. No trustee, examiner or creditors' committee has been appointed in this case. Notice of this Motion has been given to (i) the United States Bankruptcy Administrator for the Northern District of Alabama, Southern Division, (ii) the Mailing Matrix; (iii) counsel for SCP; and (iv) counsel for the Debtor. In light of the nature of the relief requested herein, the Agent submit that no other or further notice is necessary.

11

33. No previous request for the relief sought herein has been made in this bankruptcy case to this or any other court.

## CONCLUSION

WHEREFORE, PNC Bank, National Association, individually and as Administrative Agent for PNC Bank, National Association and Regions Bank respectfully request that the Court enter an order, substantially in the form of the order submitted concurrently herewith, either dismissing the case or transferring the cases to the District of New Jersey , and granting such other and further relief as is just and proper.

Dated this the 20th day of April, 2010

Respectfully Submitted,

*/s/ Lisa S. Bonsall*
Lisa S. Bonsall, Esq.
MCCARTER & ENGLISH, LLP
100 Mulberry Street
Four Gateway Center
Newark, New Jersey 07102
Telephone: (973) 639-2066
Facsimile: (973) 297-3849
lbonsall@mccarter.com

*Attorneys for PNC Bank, National Association, Individually and as Administrative Agent for PNC Bank, National Association and Regions Bank*

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 20, 2010, I electronically filed the foregoing and the exhibits referenced therein and attached thereto with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties indicated on the electronic filing receipt. I hereby further certify that on April 20, 2010, I served the parties listed on the Debtor's Mailing Matrix by U.S. Mail. I hereby further certify that on April 20, 2010, I served the parties identified below by e-mail:

   Andre' M. Toffel
   Counsel for the Debtor
   Andre' M. Toffel, P.C.
   1929 3rd Ave N
   3rd Floor Farley Bldg
   Birmingham, AL  35203
   205-252-7115
   Email: ATOFFEL@WWISP.COM

   Bankruptcy Administrator for the Northern District of Alabama (Birmingham)
   c/o Thomas Corbett
   1800 5th Avenue North
   Suite 132
   Birmingham, AL  35203
   Thomas_Corbett@alnba.uscourts.gov

   H. Slayton Dabney
   sdabney@kslaw.com
   King & Spalding LLP
   1185 Avenue of the Americas
   New York, NY  10036-4003

   Sarah R. Borders
   sborders@kslaw.com
   King & Spalding LLP
   1180 Peachtree Street, N.E.
   Atlanta, Georgia  30309-352

              */s/ Angela Abreu*
              Angela Abreu, Esq.
              M<small>C</small>C<small>ARTER</small> & E<small>NGLISH</small>, LLP
              100 Mulberry Street
              Four Gateway Center
              Newark, New Jersey 07102
              Telephone: (973) 848-5378
              Facsimile:  (973) 206-6599

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | **Chapter 11** |
| **AIG BAKER DEPTFORD, L.L.C.** ) | |
| ) | **Case No. 10-02059-TBB-11** |
| **Debtor.** ) | |
| ) | |
| ) | |

**ORDER GRANTING MOTION TO DISMISS PURSUANT TO 28 U.S.C. § 1406 & 1408**

Upon consideration of the Motion of PNC Bank, National Association (the "Agent"), individually and as Administrative Agent for PNC Bank, National Association and Regions Bank (collectively, the "Banks") for the entry of an order dismissing this case pursuant to 28 U.S.C. § 1406 and 1408 or, alternatively, transferring venue under 28 U.S.C. § 1412 (the "Motion"); and the Court having jurisdiction over the Motion; and the Court having considered the Motion and any objections or responses thereto; and the Court having determined that the legal and factual basis set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief sought in the Motion is in the best interest of the Debtor and its creditors; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the Motion is GRANTED; and it is further

ORDERED that the above-captioned proceeding is hereby dismissed.

Dated:_____, 2010

_____
United States Bankruptcy Judge

ME1 9847713v.1